Howard T. Hogan, J.
This eminent domain proceeding concerns the acquisition of :a permanent highway easement by the County of Nassau. Although the taking map shows the subject property as encompassing 22,970 square feet, it is apparently in error and the actual area involved is 17,028 square feet. The area acquired for the easement is 1,720.4 square feet, which vested on August 5, 1963.
The appraiser for the county, utilizing the erroneous square footage of ¡the whole, ascribes a before value of $49,038.25 and an after value of $45,994.56 for a damage of $4,767.95, of which he ascribes $2,000 as consequential damage. The claimants ¡submitted no appraisal, although an experienced attorney testified on their behalf. He testified that prior to the taking, the subject property would have yielded three building plots, but that after the taking, the area was insufficient under the zoning ordinance for the three plots. The claimants sold the remaining property to a builder who in turn purchased a small adjacent plot for $3,000 in order to re-establish three building plots. Claimants contend that the said sum of $3,000 should be found to be the consequential damage sustained by the subject property.
The court adopts petitioner’s value for the land of $1.60. When applied to the correct 17,028 square feet, the land value before the taking is $27,244.80. Adding the $286.25 for plants and landscaping and the $12,000 for the dwelling, the total before value is $39,531.05, rounded to $39,600.
The appraiser for the petitioner testified that he would allocate only 90% of his land value to this claim because a permanent easement was acquired which is ‘ ‘ limited damage. ’ ’ The court does not agree. The claimants are deprived of the use of this property just as completely as if the fee had been taken. His underlying fee, subject to a permanent easement for highway purposes, is for all practical purposes valueless.
The value of the 1,720.4 square feet at $1.60 is $2,752.64, which, when added to the value of the plants and landscaping ($286.25), results in a direct damage of $3,038.89, rounded to $3,100.
Petitioner asserts that there should be consequential or severance damage for loss of plottage in light of the fact that the claimants still have, after the taking, title to the fee of the 1,720.4 square- feet which, it claims, would be included by a municipality in calculating the arm requirement by the zoning ordinance for the establishment of building plots. It points to no authority for that proposition and the court finds such *300 approach imsoimd. The -entire principle -of area zoning requirements would he .thrust into a chaotic state- were this court to hold that an area, burdened with a permanent easement for use ais a public road, must be included in determining plot area.
The loss of plottage is a .substantial item of dam'age. Petitioner’s -expert testified that his $2,000 consequential damage was related only to the damage to the house. Claimants seek the $3,000 actually paid for the adjacent lot. In view of the conflicting statements made by petitioner’s -expert, the court is more persuaded by claimants’ arguments that the $3,000 was necessary in -order to restore the property to the condition it was in prior to the condemnation. Indeed, had the additional lot not be:en purchased and relief from the zoning ordinance not been -obtained — on which point the- record is silent — the damages for the complete loss of a building plot would be more substantial.
Based upon the testimony, .the exhibits, the appraisal, all of the evidence, and the court having viewed the property, the court finds and awards as follows:
Damage Parcel 91 Direct
1720.4 square feet at $1.60 per square foot. ... $2,752.64
Plants and Landscaping..................... 286.25
$3,038.89
Rounded to........................................ $3,100.00
Consequential
Loss of Plottage...................................... 3,000.00
Total Award.................................................. $6,100.00